IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| RAYMOND BOWMAN, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 4:18CV3169 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| USDA FSIS and CARMEN ROTTENBERG, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) (requiring the court to dismiss actions filed in forma pauperis if they are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief).

## I. SUMMARY OF COMPLAINT

Plaintiff, a former employee of the United States Department of Agriculture ("USDA"), sues the "USDA FSIS" and Carmen Rottenberg, Acting Secretary of the USDA, alleging that he resigned from his position upon the USDA's representation that if he resigned, "it will not be in your file that we fired you." (Filing No. 1 at CM/ECF p. 3.) Plaintiff claims that, despite this promise, the USDA "gave [him] a dirty SF50 [t]hat said 'Mr. Bowman resign[ed] in [lieu] of being removed from his position'" and that "indicated that there was some type of action pending." As a result of this language, Plaintiff claims that he has been unable to get another job.

Plaintiff also asserts that he was not allowed to use his preferred union representative in a disciplinary hearing, but was instead given another representative

to whom the USDA showed the charges against Plaintiff, which he alleges violated his privacy rights.

Plaintiff purports to bring claims under 41 U.S.C. § 6503 for breach of contract and violation of his privacy rights and under 18 U.S.C. § 208 for "breach of governmental ethical behavior policy." (Filing No. 1 at CM/ECF p. 3 (capitalization adjusted).) Plaintiff requests that the court "reject" his resignation and reinstate him to the USDA with back benefits.

## II. DISCUSSION

Plaintiff alleges that this court has "federal question" jurisdiction over this lawsuit (Filing No. 1 at CM/ECF p. 2)—that is, jurisdiction over claims arising under a federal statute, the Constitution, or treaties of the United States. 28 U.S.C. § 1331; *McLain v. Andersen Corp.*, 567 F.3d 956, 963 (8th Cir. 2009). Specifically, Plaintiff claims that the USDA violated his rights under 41 U.S.C. § 6503 and 18 U.S.C. § 208.

Section 6503 of Title 41 is not a proper basis for Plaintiff's claims, as it applies to breaches or violations of representations or stipulations included in contracts made by United States agencies "for the manufacture or furnishing of materials, supplies, articles, or equipment, in an amount exceeding $10,000." 41 U.S.C. §§ 6502, 6503 (Westlaw 2018).

Section 208 of Title 18 is similarly irrelevant because it is a federal criminal provision prohibiting involvement in matters in which one has a financial conflict of interest, and the statute "provides no express or implied private right of action." *Scherer v. United States*, 241 F. Supp. 2d 1270, 1285 (D. Kan.), *aff'd sub nom. Scherer v. U.S., Dep't of Educ.*, 78 F. App'x 687 (10th Cir. 2003); *see also Elrod v. Walker*, No. CIV.A. 06-3115, 2009 WL 2580322, at *4 (D. Kan. Aug. 20, 2009) (18 U.S.C. § 208(a) "addresses only the *criminal* implications of a federal employee's

participation in a governmental activity in which the employee has a conflicting personal financial interest").

Therefore, Plaintiff has failed to provide a basis for this court's jurisdiction over his claims. On the court's own motion, Plaintiff will have 30 days from the date of this Memorandum and Order to file an amended complaint that sets forth the basis for this court's jurisdiction. Failure to do so will result in dismissal of this matter without further notice.

IT IS THEREFORE ORDERED that:

1. On the court's own motion, Plaintiff will have 30 days from the date of this Memorandum and Order to file an amended complaint that sets forth the basis for this court's jurisdiction. Failure to do so will result in dismissal of this matter without further notice.

2. The clerk's office is directed to set a pro se case management deadline in this matter: March 8, 2019—Deadline for Plaintiff to file amended complaint.

DATED this 6th day of February, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge