IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| RAYMOND BOWMAN, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | 4:18CV3169 |
| v. | ) ) | |
| USDA FSIS and CARMEN ROTTENBERG, | ) ) ) ) | **MEMORANDUM AND ORDER** |
| Defendants. | ) ) ) | |

Plaintiff, who is proceeding in forma pauperis, has filed an Amended Complaint (Filing No. 7) in response to this court's Memorandum and Order (Filing No. 6) after initial review of Plaintiff's claims under 28 U.S.C. § 1915(e)(2). The court's Memorandum and Order directed that Plaintiff establish a jurisdictional basis for his claims.[1]

Plaintiff sues the USDA FSIS,[2] a federal agency, and Carmen Rottenberg, who is alleged to be the Acting Secretary of the USDA FSIS,[3] alleging that the agency promised him that if he resigned his employment, his file would not indicate the agency had fired him. Despite this promise, Plaintiff claims his employment file contains a "dirty SF50" that states, "Mr. Bowman resign[ed] in [lieu] of being

---

[1] Plaintiff's initial Complaint asserted claims under 41 U.S.C. § 6503 and 18 U.S.C. § 208, which, as explained in the court's previous Memorandum and Order (Filing No. 6), are not proper bases for Plaintiff's claims.

[2] The USDA FSIS is the United States Department of Agriculture Food Safety and Inspection Service.

[3] The official website of the FSIS lists Carmen Rottenberg as the Administrator of the FSIS.

removed from his position." As a result of this language, Plaintiff claims he has been unable to get another job. Plaintiff also asserts that he was not allowed to use his preferred union representative in a disciplinary hearing, but was instead given another representative to whom the USDA showed the charges against Plaintiff, which he alleges violated his privacy rights.

Plaintiff asserts claims for "Breach of Agreement," "Breach of Contract," "Violation of Privacy Right," and "Breach of Governmental Ethical behavior policy," in violation of the Fourteenth Amendment. (Filing No. 7 at CM/ECF p. 2.) Plaintiff asks that his resignation be rescinded, that he be reinstated with the USDA, that he receive benefits from the day of his resignation forward, and that he be assigned to his prior duty station in Grand Island, Nebraska. (*Id*. at CM/ECF p. 4.)

Plaintiff seeks to challenge his termination by asserting constitutional claims against a federal agency and federal official based on the Fourteenth Amendment. However, the Fourteenth Amendment applies only to states and state actors, not the federal government. U.S. Const. amend. XIV, § 1 (providing that "No State shall . . . deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."). Because Plaintiff sues the federal government and one of its officials, he apparently is attempting to plead a *Bivens* action for alleged violations of his right to due process when his employment was terminated. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

Plaintiff alleges that he "was a[n] employee of the United States Department of Agriculture." (Filing No. 7 at CM/ECF p. 3.) Federal employees covered by the Civil Service Reform Act ("CSRA")[4] cannot bring employment-related claims in this court

---

[4]Whether a federal employee is a civil servant under the CSRA depends upon how one is hired and appointed. *Buchholz v. Aldaya*, 210 F.3d 862, 863 (8th Cir. 2000) (*citing* 5 U.S.C. § 2105(a)(1)(D) and *Krueger v. Lyng*, 927 F.2d 1050, 1054 &

2

because the CSRA is a federal employee's exclusive remedy for resolving employment disputes, and it forecloses judicial review of claims arising from employment disputes under any other statute or provision, including *Bivens*.

> [T]he comprehensive remedial scheme of the CSRA preempts *Bivens* remedies for injuries arising from personnel actions governed by the CSRA. *See, e.g., Bush v. Lucas*, 462 U.S. 367, 388 (1983) (despite assumption that existing CSRA remedies did not provide complete relief, finding no *Bivens* relief for federal employee covered by CSRA because CSRA was "elaborate remedial system that has been constructed step by step, with careful attention to conflicting policy considerations"); *Russell v. U.S. Dep't of the Army*, 191 F.3d 1016, 1020 (9th Cir. 1999) (Ninth Circuit has "consistently held that the CSRA preempts *Bivens* actions and other suits for constitutional violations arising from governmental personnel actions"); *McIntosh v. Turner*, 861 F.2d 524, 525-27 (8th Cir. 1988) (CSRA precludes *Bivens* remedy).

*Coatney v. U.S. Citizenship & Immigration*, No. 4:07CV3167, 2008 WL 650320, at *7 (D. Neb. Mar. 5, 2008) (former employee of federal agency alleged wrongful discharge without due process). *See also McIntosh v. Turner*, 861 F.2d 524 (8th Cir. 1988) (employees' *Bivens* action against federal officers for due process violations under Fifth Amendment, arising out of alleged promotion bias, was barred because Congress provided remedy through CSRA of seeking relief from Office of the Special Counsel of the Merit Systems Protection Board); *Bland v. Burwell*, No. 14-0226-CV-W-ODS, 2016 WL 110597, at *4 (W.D. Mo. Jan. 8, 2016) (CSRA prohibited federal employee from bringing *Bivens* claim regarding revocation of security clearance); *Harshaw v. Astrue*, No. 11-CV-1060, 2013 WL 4198057, at *5 (W.D. Ark. Aug. 14, 2013) (dismissing federal employee's First and Fifth Amendment *Bivens* claims stemming from denial of promotion because sole remedy was to petition Office of the Special Counsel under CSRA); *Loos v. Napolitano*, 665

---

n.4 (8th Cir. 1991)). Plaintiff does not claim that he is exempt from coverage under the CSRA.

F. Supp. 2d 1054, 1062 (D. Neb. 2009) (plaintiff's state-law claims challenging termination from federal agency were precluded by CSRA because "that Act is the comprehensive and exclusive means by which a federal employee may challenge personnel decisions that come within the scope of the Act, and this court cannot provide alternative remedies beyond what Congress has found sufficient to include in the CSRA"). *See, e.g.*, *Turner v. U.S. Dep't of Justice*, No. CIV. 13-376, 2014 WL 4829119, at *4 (D. Minn. Sept. 29, 2014), *aff'd*, 815 F.3d 1108 (8th Cir. 2016) ("The CSRA was enacted in 1978 to comprehensively overhaul the civil service system and to create a new framework for evaluating adverse personnel actions against federal employees. . . . The CSRA constitutes a comprehensive scheme covering federal employees; the CSRA itself provides the exclusive remedies for government employment disputes.").

Even if a *Bivens* action were proper, Plaintiff's claims could not be asserted against Defendant USDA FSIS, a federal agency, because the federal government is immune from such suits under the doctrine of sovereign immunity unless the United States has unequivocally waived such immunity. *Manypenny v. United States*, 948 F.2d 1057, 1063 (8th Cir. 1991). No such waiver is apparent here. *Schutterle v. United States*, 74 F.3d 846, 848 (8th Cir. 1996) ("the United States and the USDA are not proper *Bivens* defendants because of sovereign immunity"); *Laswell v. Brown*, 683 F.2d 261, 268 (8th Cir. 1982) ("The United States and its agencies are not proper defendants because of sovereign immunity.")

Further, in order to bring a *Bivens* claim against a federal official like Defendant Rottenberg, the official "must have been actively involved in the alleged constitutional violation." *Schutterle*, 74 F.3d at 848; *Laswell*, 683 F.2d at 268 (individually named defendants were improperly joined in *Bivens* action "because it is not claimed that they actually participated in the alleged violations"). Here, Plaintiff asserts no factual allegations whatsoever against Rottenberg, much less "active involvement" in the alleged violation of Plaintiff's constitutional rights.

4

Accordingly, Plaintiff's claims must be dismissed with prejudice for lack of subject matter jurisdiction.

IT IS ORDERED:

1. Plaintiff's claims are dismissed with prejudice for lack of subject matter jurisdiction; and

2. Judgment shall be entered by separate document.

DATED this 19th day of March, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge